**216 Greene Ave Group, LLC v
Deutsche Bank Natl. Trust Co.**

2024 NY Slip Op 34537(U)

December 20, 2024

Supreme Court, Kings County

Docket Number: Index No. 517701/2023

Judge: Robin K. Sheares

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Part 96 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse thereof, 360 Adams Street, Brooklyn, New York, on the 27th day of **June, 2024**.

PRESENT: ROBIN K. SHEARES, J.S.C.

------------------------------------------------------------------X

216 GREENE AVE GROUP, LLC,

Plaintiff(s),

-against-

DEUTSCHE BANK NATIONAL TRUST COMPANY As TRUSTEE FORLONG BEACH MORTGAGE LOAN TRUST 2004-1, ASSET BACKED CERTIFICATES, SERIES 2004-1,

Defendant(s).

------------------------------------------------------------------X

Index No.: 517701/2023

**DECISION/ORDER**

*Motion Sequence Nos. 01 and 02*

**Recitation, as required by CPLR §2219(a), of the papers considered in the review of this Motion:**

| Papers | NYSCEF Document No: | |
|---|---|---|
| | *Sequence # 01* | *Sequence # 02* |
| Order to Show Cause/Notice of Motion and Affidavits/Affirmations Annexed/Exhibits | 27 – 44 | 46 - 59 |
| Opposition/Exhibits | | 62 - 72 |
| Reply/Exhibits | 61 | |

On reading the (i) Notice of Motion, dated February 7, 2024, requesting summary judgment in favor of Plaintiff 216 Greene Ave Group, LLC ("Plaintiff"); (ii) the Affirmation, dated February 7, 2024, of Alexia N. Garin, Esq., of Garin & Associates, PLLC, attorneys for Plaintiff; (iii) the Affirmation of Augustine Diji dated February 6, 2024, and the exhibits annexed thereto; (iv) the Notice of Cross-Motion, dated April 8, 2024, requesting dismissal of this action in favor of Defendant Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2004-1 Asset-Backed Certificates, Series 2004-1 ("Defendant"); (v) the Affirmation of Evan N. Soyer, Esq., and the exhibits annexed thereto; (vi) the Memorandum of Law dated April 8, 2024; and on all the pleadings, papers, and proceedings heretofore had herein; and the Plaintiff's Motion and the Defendant's Cross-Motion having come on to be heard

1

[* 1]

before this Court on June 27, 2024; and due deliberation having been had on all the issues and matters raised therein; it is,

After oral argument and a review of the submissions, the Court finds as follows:

Plaintiff withdraws its request for an order to supplement its complaint.

Plaintiff moves the Court for an order pursuant to RPAPL 1501(4) on the grounds that the six year statute of limitations to commence a foreclosure proceeding against Plaintiff has expired due to the service of acceleration notices upon the original mortgagor, Augustine Diji, after Defendant's prior foreclosure proceeding was dismissed on June 26, 2003.

Defendant opposed said motion on the grounds that the six year statute of limitations to commence a foreclosure proceeding has not expired since the Defendant commenced a foreclosure proceeding on February 6, 2024 during the pendency of this action. Simultaneously, Defendant filed a cross motion for an order CPLR 3212 granting Defendant summary judgment and dismissing the complaint of Plaintiff 216 Greene Ave Group, LLC on the grounds that the six year statute of limitations to commence a foreclosure proceeding has not expired since the Defendant commenced a foreclosure action during the pendency of this action. Furthermore, Defendant argues that there was no acceleration event. As such Plaintiff may not commence an action "to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the Plaintiff in such real property to be free therefrom." (RPAPL 1501(4)").

Plaintiff opposed Defendant's cross motion on that the Defendant commenced it's current foreclosure action after Plaintiff commenced this proceeding. Moreover, Plaintiff opposes the Defendant's cross motion on the grounds that Defendant failed to submit an affidavit attesting to the facts, grounds that Defendant brought two previous foreclosure actions against Plaintiff in 2007 and 2009, for property located at 216 Greene Avenue, Brooklyn, New York, and that the November 14, 2007, letter to Plaintiff accelerated the mortgage, as it clearly demanded the full mortgage amount of $702,355.66, which included the principal amount of the mortgage, the interest due, and late charges. The day following, on November 15, 2007, Long Beach Mortgage Company commenced the 2007 foreclosure action in Kings County Supreme Court against Plaintiff which, itself, accelerated the entire amount of the mortgage.

2

[* 2]

Where the holder of a note secured by a mortgage on residential property elects to accelerate the mortgage debt as would start the statute of limitations period to bring a foreclosure action, notice to the borrower must be clear and unequivocal. In the instant matter, Defendant sent notice and documents to the original mortgagor in which acceleration was "clear and unequivocal".

Defendant opposed Plaintiff's motion by attorney's affirmation alone in addition to Defendant filing a cross motion based solely on an attorney's affirmation. In *Zuckerman v. City of NY*, the Court of Appeals held that the "bare affirmation of Royfost's attorney who demonstrated no personal knowledge of the manner in which the accident occurred. Such an affirmation by counsel is without evidentiary value and thus unavailing." *Zuckerman v. City of NY*, 49 NY 2d 557 - NY: Court of Appeals 1980.

The Court finds that Plaintiff has met its *prima facie* entitlement for this Court to grant Plaintiff summary judgment on its claim pursuant to RPAPL 1501(4).

This Court finds that the Statute of Limitations in this matter began to run more than six (6) years prior to the commencement of this action. Moreover, the Court finds that Defendant's pending foreclosure proceeding was commenced after the commencement of this proceeding.

Thus, the Court finds that Defendant has not met its *prima facie* burden of demonstrating an entitlement under the law and facts of this matter to summary judgment. Accordingly, Defendant's motion for summary judgment is denied in its entirety.

**ORDERED**, that Plaintiff's motion for summary judgment (Mot. Seq. 01) is GRANTED; and it is further

**ORDERED**, the Plaintiff's request to withdraw it motion for supplementing its complaint is GRANTED.

**ORDERED**, that Defendant's cross-motion to dismiss (Mot. Seq. 02) is DENIED.

**ORDERED**, Plaintiff is hereby awarded summary judgment on its claim pursuant to RPAPL 1501(4) and it is hereby declared and adjudged that Plaintiff is entitled to the sole and undisturbed possession of the above-described real property; Plaintiff is hereby declared and adjudged that the enforcement or foreclosure of the Mortgage described in the submissions herein is barred by reason of the expiration of the statute of limitations; the Mortgage of record in this action

3

[* 3]

is hereby cancelled; and it is hereby declared and adjudged that the mortgage described herein is not a lien or

encumbrance on the real property described above.

This constitutes the Decision/Order of the Court.

ENTER:

_____ 12/20/24

Hon. Robin K. Sheares, J.S.C.

Motion Seq. # 01
MG ✓
MD ___

Motion Seq. # 02
MG ___
MD ✓

4

[* 4]